# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

MICHAEL WILLIAM HUNTER_____, Plaintiff

v.

SEE ATTCHED_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**SEE ATTACHED**

State of Colorado, Governor, Jared Polis

Colorado Department of Corrections, Executive Director, Dean Williams

Warden Matthew Hanson, Acting Warden Jeff Long Sterling Correctional Facility

Colorado Department of Corrections, ADA Inmate Coordinator, Janet Smith

Colorado Department of Corrections of Legal Services, Adrienne Jacobson          Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

 Michael Hunter #103582 P.O. Box 6000 Sterling, Colorado 80751-0600
 (Name, prisoner identification number, and complete mailing address)

_____
 (Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

_____   Pretrial detainee
_____   Civilly committed detainee
_____   Immigration detainee
__X__   Convicted and sentenced state prisoner
_____   Convicted and sentenced federal prisoner
_____   Other: (*Please explain*) _____


## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   Jared Polis, Governor of the State of Colorado
            (Name, job title, and complete mailing address)

            136 State Capitol, Denver, Colorado 80203

            At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

             The governor is the overseer of all the state entities in Colorado which include

             all employees under his administration and his knowledge of a defective prison.

            Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 2:   <u>Dean Williams, Executive Director of Colorado Department of Corrections,</u>
        (Name, job title, and complete mailing address)

        <u>1250 Academy Park Loop, Colorado Springs, Colorado 80910</u>

        At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?   __X__ Yes ___ No (*check one*).  Briefly explain:

        <u>The executive director of persons employed by the CDOC and is responsible</u>
        <u>for the supervision and discipline of all correctional staff in CDOC and was</u>
        <u>notified of the existing problems and failed to act upon those complaint.</u>

        Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3:   <u>Warden Mathew Hanson/ Acting Warden Jeff Long (SCF)</u>
        (Name, job title, and complete mailing address)

        <u>1250 Academy Park Loop, Colorado Springs, Colorado 80910</u>

        At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

        <u>Defendant intentionally ignore American's with Disability Act violating the</u>

        <u>plaintiff's rights being deliberately indifferent" to health and safety.</u>

        Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

## C.   JURISDICTION
*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_   42 U.S.C. § 1983 (state, county, and municipal defendants)

____   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

____   Other: (*please identify*) _____

**B.      DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 4:    Janet Smith (AIC) Colorado of Department of Corrections
                        (Name, job title, and complete mailing address)

                        1250 Academy Park Loop, Colorado Springs, Colorado 80910

                        At the time the claim(s) in this complaint arose, was this defendant acting under
                        color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

                        She intentionally ignore American's with Disability Act violating the plaintiff

                        rights being deliberately indifferent" to Plaintiff' Hunter's health and safety


Defendant 5     Adrienne Jacobson Manager of Legal Services Colorado of Corrections
                        (Name, job title, and complete mailing address)

                        1250 Academy Park Loop, Colorado Springs, Colorado 80910

                        At the time the claim(s) in this complaint arose, was this defendant acting under
                        color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

                        She intentionally ignore American's with Disability Act violating the plaintiff

                        rights being deliberately indifferent" to Plaintiff' Hunter's health and safety.

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

**CLAIM ONE:**

Supporting Facts:

Plaintiff, was transferred from a designated deaf and hard of hearing impaired facility CTCF in Canon City Colorado to Sterling Correctional Facility on or about November 7th 2017.

CTCF utilizes 75% percent of its population for disabled inmates to which deaf and hard of hearing inmates our designated who are permanently deaf or who have a permanent hearing impairment so severe that they must rely on written communication, lip reading, or signing because their residual hearing with aids does not enable them either to communicate effectively or hear an emergency warning. [CTCF] accommodates all of the deaf and hard of hearing inmates with flashing lights, for announcements *Medline, count time, movement's chowtime, special time's yard/gym work programs and education American sign language classes' special resources in the general library for ASL materials TTY Access, communication support team to which include interpreters for religious services a community of deaf offenders and Cell strobe, each designated facility shall ensure that all inmates areas will be equipped with strobe and Audio alarms in all areas to effectively display an emergency warning.*

Plaintiff, has established these accommodations his right to strobe cell, right to use TTY system right to interpreters for religious services and to continue to study American Sign Language courses for when permanent hearing disability sets in, but clearly most importantly support from the deaf community which he has established since 2007 until 2017.

Plaintiff, has a history of severe mental illness and that he had been diagnosed with an 80% percent hearing loss since the age of three [3] and that Plaintiff, has IQ of 70 and functioned at a level of a 10 year old, and has a history of severe mental disability.

## D.    STATEMENT OF CLAIM(S)

The plaintiff Michael Hunter during his incarceration at Centennial Correctional Facility on or about April or May 2006 he, was a victim of sexual assault by CDOC correctional officer this crime was documented by Department of Corrections Administration, Mental Health and Mr. Hunter's Attorney Karin Bagn Bar #13134 December 12, 2006. Indeed, this Court is wholly aware of, and sensitive to, the fact that instances of sexual abuse of prisoners by prison officials occur throughout this country. However, the mere fact that these grave acts do occur. Plaintiff's complaint is not about the "sexual assault" that time has passed the allegations of neglect and continue abuse by CDOC for violating the Title II Americans with Disability Act, ensuring that all documentary evidence does not contradict or undermine the allegations filed in this complaint. Plaintiff's lawyer filed a 35. C motion with the court relevant to his history of severe mental illness and that he Michael Hunter had been diagnosed with an 80% percent hearing loss since the age of three (3) and that Mr. Hunter has IQ of 70 and functioned at a level of a 10 year old, and has a history of severe mental illness. The plaintiff suffers physical, mental and emotional injuries for many years in conjunction with allegations to act out towards authority to this date. The plaintiff has never received any mental health or emotional support treatment for the crime committed by the very people who are required by law to protect him being extremely flawed perhaps now the plaintiff can receive treatment for sexual assault. On November 6th 2017 here at SCF the plaintiff was informed he needed to go to medical, whereby he was told he was going to have a phone conversation with Defendant: *Janet Smith, AIC Designee officer of legal services ADA inmate Coordinator.* During this phone call Nurse, Erin Ferguson, was instructed by Defendant: Janet Smith, to violate the eight amendment and the fourteenth amendment by engaging threats and intimidation to write up plaintiff if he did not speak. This form of punishment would consist an informal disciplinary infraction, if Plaintiff did not talk to staff and that he could "not use sign language, nor written notes to communicate". The plaintiff informed the defendant, *Janet Smith* that speaking was not his disability that he is (Deaf and that his hearing loss has increased over the years) plaintiff communicates with prison officials through lip-reading, gesturing, written notes, and limited verbal exchanges. The plaintiff has a very limited ability to speak. Plaintiff will testify that he does understand prison officials' speech as long as he or she does not get upset or excited and speak slowly.

## D.     STATEMENT OF CLAIM(S)

Commutating prison officials experience, takes a great deal of patience, and familiarity and that even with patience and extreme efforts on plaintiff's part it was still difficult to understand his speech. The plaintiff has been trained in, and understands "American Sign Language" even though the plaintiff is threaten with punishment every time he does not speak to prison staff the threat of punishment is imamate, the plaintiff remained silent, using sign language and written notes for commutation. In the grievance procedure steps **1, 2, 3,** the plaintiff was very specific about his disability that **_SPEAKING_** is not his disability but **_HEARING_** and therefore his primary choice of language was signing and lip reading, whether or not he can speak is irrelevant, and that his constitutional rights as a disabled person are being violated by DOC, these rights are protected by Title II of the Americans with Disabilities Act.

The plaintiff argued that the goals and objectives identified as oral communication should more aptly be called ASL communication because his use of sign language, almost exclusively in every facet of daily living communication. Plaintiff states that his focus on ASL is especially problematic given limited oral tone which is critical for developing proper sign language skills, experts who testified agreed that signing throughout the day will actually exposure to constant signing becomes their primary language to effectively communicate.

The "rehabilitation act" provides that a qualified person shall not, solely by reason of his or her disability be excluded from participation or be denied the benefits or be subjected to discrimination under any program or activity receiving federal financial assistance, all persons shall have the opportunity to obtain all the accommodations advantages and privileges without discrimination on the basis of disability. Plaintiff received training as a young child on how to effectively commentate by lip reading he is extremely limited and he misinterprets unexpected utterances he exhibits characteristics of an partially learned language his ability to read and write is limited by his poor mastery of grammar and vocabulary, although in some circumstances, written materials may be sufficient to permit effective communication in other circumstances they may not be sufficient, for example a qualified interpreter may be necessary when the information being communicated is complex or is exchanged for a lengthy period of time. Factors to be considered in determining whether an interpreter is required include the context in which the communication is taking place and the number of people involved in the conversation.

## D.     STATEMENT OF CLAIM(S)

"Defendants" violated title II Americans with disability act and the plaintiff's rights by their failure to provide interpretive services for various aspects of reception and classification the absence of inadequacy of assistance communication devices for telephone and televisions and the absence of visual and safety alarms strobe cells violates both the ADA and the rehabilitation act, defendant's failure to accommodate plaintiff with reasonable accommodations to facilitate his participation in sterling correctional facility.

Defendant's failure to provide qualified interpreters and or other assistive devices during medical and mental health treatment violates the plaintiff constitutional due-process and privacy rights and in those cases in which communication between patient and medical personnel is essential to the efficacy of treatment. The department of corrections created and maintain (*a Special Prison in in canon city which is territorial correctional facility*) which <u>*ALL*</u> of the hearing impaired hard of hearing and deaf inmates are solely housed to accommodate their special needs.

Department of Corrections identifies two (2) primary types of hearing disabilities deaf and hard of hearing. According to many experts deaf individuals include those who cannot hear at all and those that can hear loud noises but cannot understand speech. Hard of hearing individuals can hear and understand speech but they have reduced hearing ability, for this purposes of this opinion plaintiff will sometimes refer to both deaf and hard of hearing individuals together as hearing impaired or hearing disabled. The way and extent deaf and hard of hearing disabled individuals communicate is widely based on the type and degree of their disability and other factors such as life experiences and age at which their disability manifested, for example some who have suffered deafness since childhood rely primary on ASL to communicate and thus their ability to read and write and lip reading is limited to the people involved. Parents of deafened individuals even those who have taught themselves ASL may need to rely heavily on lip reading and written communication. Sterling correctional facility does not have alarm system in place to notify deaf and hard of hearing offenders in case of emergency situations such as fire, or the firing of live rounds of danger of rioting or gang fighting, which occur on a daily bases, [NO] deaf or hard of hearing impaired offenders could possibly understand the grave danger placed on him in an emergency situations their instructions to plaintiff is if you see other inmates prone out you should also prone out on the ground.

## D.    STATEMENT OF CLAIM(S)

In the [grievance] process the plaintiff requested an interpreter in order to attend church services to which he was denied the request due-to cost and was told to sit in the front role in order to hear what was going on in the service this is a slap in the face to plaintiff being denied his right to participate church services since November 7th 2017 until the filing of this complaint, plaintiff attended services with the deaf community for many years at *Territorial Correctional Facility*. The ADA directive states that communication plans include accommodations for religious services policy to provide ASL interpreters with regard to hearing disabilities public entities must take appropriate steps to ensure that communications with participants with disabilities are as effective as communications with others, arguing that access to sign language and to peers with the same disability will help develop communicative skills.

In a memorandum to Mr. Hunter on April 10th 2009 will be referred to later as an *Exhibit* from Julie Russell *Legal assistant II AIC Designee officer of legal services ADA inmate Coordinator*. Because of some custody issues with physical, and victimization from other offenders, the plaintiff was forced to weave his accommodations which accessed him to *TTY, and STROBE LIGHT CELL,* in order to remain safe. *The plaintiff felt that the very same people who promised to protect were the ones who sexually assaulted him.* Plaintiff's inability to understand his stems from his mental limitations which was discussed previously.

According to *Julie Russell Legal assistant II designee* if the plaintiff changes his mind about his accommodations for *TTY and CELL STROBE,* he may submit a new request to opt back into placement at any time. The plaintiff made a request for accommodations Defendant: Janet Smith on November 2nd 2017 whom this complaint is against answered and denied his request for ASL interpreter is denied as ASL is not your primary form of communication. You do not qualify for a *strobe cell* and then your request for deaf offender support is denied *stating that flashing lights is a courtesy provided to deaf offenders you are not deaf, you are hard of hearing* which clearly is discriminating in itself, Plaintiff history he has been diagnosed with an 80% percent hearing loss since the age of three (3) *The defendants own Audiologists, Zachary Moore establishes on the medical record that the plaintiff is legally deaf and plaintiffs **primary means of communication is American Sign Language.*** All of the hearing impaired and hard of hearing and deaf offenders receive the same accommodations at CTCF.

## D.    STATEMENT OF CLAIM(S)

In a letter from **Defendant:** Janet Smith AIC. Designee on October 25th 2017 the plaintiff sent her in reference to deaf v. hearing impaired, the defendant's statement their letter they will be using the term deaf instead of hearing impaired. Deafness involves the most basic human needs the ability to communicate with other human beings. Many hard of hearing and deaf people use an appropriate communication mode sign language while others express and receive language orally or aurally without visual signs or cues. It is essential for the wellbeing and growth of hard of hearing and deaf people that educational programs, recognize the unique nature of deafness to ensure that all of hard of hearing and deaf have appropriate ongoing and fully accessible educational opportunities ASL students turning off their voices when they signed with each other, a public entity may not deny benefits of its programs, accommodations, activities, services to individuals with disabilities because its facilities are inaccessible. The ADA protects not only those individuals with disabilities who actually have a physical and mental impairment which has been documented by the courts system including Department of Corrections. *The plaintiff shouldn't have been coerced or retaliated against for exercising his rights nor receive threats, of intimidation for not speaking but choosing to use sign language to communicate. The plaintiff was already housed in the most integrated setting appropriate for his needs.* Defendant Janet Smith in step (1) grievance she points out the plaintiff is hard of hearing and accommodates him with access to *TTY Phone System* in order to communicate with his family, but denies him access to *strobe cell in case of emergency.* If the plaintiff can speak then why not use the regular phone system, the facts and legal establishment show that Plaintiff **CAN *NOT HEAR*** even when using his hearing aids. **Defendant:** Adrienne Jacobson in step (2) grievance she stated that the plaintiff have been given appropriate accommodations for his current housing facility, Sterling Correctional Facility is [NOT] equipped to house deaf and hard of hearing offenders, *No strobe cells, No working TTY system, No visual alarms No interrupters.* In the housing units for fire emergency exits correctional officers yell over the PA system to evacuate the building clearly plaintiff cannot understand the emergency issue then staff comes inside the unit yelling evacuate the building. The plaintiff filed many complaints that the TTY phone system is not working and is unable to contact his family since his arrival at sterling correctional facility on November 2nd 2017. At present date October 15th 2019 at the filing of this complaint the TTY phone system is still broken unusable all of the complaints were log in with plaintiff's case manager Fitzgerald.

## D.    STATEMENT OF CLAIM(S)

**Defendant:** Adrienne Jacobson for the department of corrections in charge of ADA they directly made statement claiming, Sterling Correctional Facility is *A Medical Facility Capable of Housing Mobility, Hard of Hearing and Deaf Offenders with Mental Illness In Need Of Treatment,* Sterling correctional facility is a level (5) facility housing (90) % percent of its population is gang related to where more verbal and physical attacks, causing injuries to prison officials and offenders on a weekly and monthly basis this is one of the most violent prisons in Colorado's history no other Facility in DOC has experienced this level of homicides and attacks in this period of time. The Defendants failed to address the unique safety issues concerning the plaintiff disability and has not been provide with accommodations for his daily living.
Inmates must be responsible for their own actions but prison officials cannot be ignorant of characteristics of the inmate over whom that have responsibility, particularly inmates assigned to higher security classifications most of the offenders here are convicted of violent crimes. Some amount of physical assault will inevitable occur in a population of such offenders have shown a lapse in ability to control and conform their behavior to the legitimate standards of society by the normal impulses of self-restraint, to the extent prison officials are deliberately indifferent to a substantial risk they are under themselves. IT cannot be said that the Sterling Correctional Facility is readily accessible in this case individual elements that are not ADA accessible add up to a wholesale exclusion of disabled individuals from major life actives, and their safety. Plaintiff was placed in a designated facility capable of housing the most integrated setting appropriate for his needs, Colorado Territorial Correctional Facility is a safe haven for inmates with server mental issues and health problems disabled offenders with multiply accommodations. The plaintiff filed a 106 appeal on March 24th 2017 a formal disciplinary infraction for arson plaintiff was informed by his attorney the possibility of being retaliated against for filing his appeal. The evidence provided is thus the plaintiff was move from deaf and hard of hearing impaired facility to a non-existing one. CTCF covers all inmates with disabilities, whether or not they require special placement or other accommodation, it is facilitated in part through designating accessible sites (designated facilities) for qualified inmates requiring special placement, hearing, speech impairments, and disability conditions severe enough to require special housing programming.

## D. STATEMENT OF CLAIM(S)

The undisputed evidence shows that the plaintiff is a disabled person within the meaning of the statutes and that he is otherwise qualified for the benefits in question. The undisputed evidence will show that SCF is incapable of housing deaf offenders solely based on their disability alone. In other words, it is clear that Defendant Janet Smith, AIC, Designee officer of legal services ADA inmate Coordinator, has legally discriminated against plaintiff claiming his disability has been accommodated. Plaintiff has received medical care, his ability to communicate with his medical care providers, the use of lip reading and written communications, some speaking does not fully accommodate his disability. Although his request for sign language interpreter to help him went unanswered. For example, some of the prison introduction educational programs are on video, however there is no personal or group in evolvement in discussions the plaintiff is left out of all classroom interaction. The accommodations provided by the SCF require patience on behalf of the plaintiff with the use of written communications or lip reading, does not fully accommodate his disability. Plaintiff is being denied his right to interpreter for medical and mental health treatments even at the request of *CDOC Doctor Reichert"* examining the "seriousness" element in class actions, courts have looked for systemic deficiencies in the provision of medical care to the inmate class or a pattern of conduct indicative of indifference to the serious medical needs of class members. Indifference to serious medical needs is said to occur at the institutional as opposed to the individual level when a prison's system of medical care is so inadequate as to cause unwarranted suffering. In keeping with this principle, "deliberate indifference" is a standard for measuring the adequacy of prison officials' response to the known medical needs of inmates and their system for allowing inmates to make their needs known. *THE DEFENDANTS)* refuse to provide sign language interpreter *because the plaintiff can talk even though they know he cannot hear. The defendants own Audiologists, Zachary Moore establishes on the medical record the plaintiff is legally deaf and in his **professional opinion** that the plaintiff will benefit #1Ongoing American sign language classes so patient can be more fluent.#2 Deaf offender support for ongoing communication and support.#3 American Sign Language Interpretation.#4 Patient is indeed **DEAF** and although he currently wears hearing aids he still could benefit from addition help with communications.#5 **Offender's primary means of communication is American sign Language**. #6 Additional sensory options*

## D.    STATEMENT OF CLAIM(S)

*such as a strobe light for fire alarm could benefit this patient at the digression of the facility.*
Sterling correctional facility does not offer *ASL classes, No* strobe cells, *No* working *TTY system, No* visual alarms for emergency exits in the housing units nether in cells should raises real concern for the plaintiff's safety and the entire population who preside in the same building. The plaintiff is being denied access to interpreters due to cost raises serious confidentiality concerns, plaintiff states that the deaf and hard of hearing offenders at CTCF enjoy the benefits of sign language interpreters for medical, mental health appointments, legal educational services, religious services. *The plaintiff made a request through AIC for sign language interpreter for religious services which he possessed at CTCF for more than (7) years was denied by Lt Balther claiming is was unreasonable due to cost.* The plaintiff was discriminated against by AIC which is documented in Logan county court. Plaintiff was charged with a Code of Penal Discipline (COPD) conviction for <u>Class 1 Rule 16 Tampering with Locks or Security Devices:</u> Plaintiff appealed this disciplinary convection to the Administrative Head on June 13th 2018, the administrative head upheld plaintiffs conviction on June21st2018. The plaintiff initiated an action pursuant to C.R.C.P.106.5 seeking review of his disciplinary conviction petition was filed on July 11th 2018. Correctional Officer Taite testified that he instructed plaintiff to clean cafeteria, *Plaintiff communicates with prison officials through lip-reading, gesturing, written notes, and limited exchanges. The plaintiff does not dispute the fact that he was cleaning the cameras in the kitchen.* Plaintiff wishes only to inform this court that there is a language barrier between the offender and correctional officer due to the fact offender is **disabled deaf**. (*THE DEFENDANTS)* failed to follow regulations and deprived the plaintiff of due-process and his constitutional rights. Regulations and rights were violated changed the outcome of the administrative proceeding, the hearing commence on June 7th 2018 without an sign language interpreter provide by appointing authority to interpret the proceedings to a person who is deaf or hard of hearing. *The plaintiff expressively explained to hearing board that his hearing aids were broken and even with his hearing aids he would not be able to understand the hearing, and made a request for assistance.* Plaintiff's request for a sign language interpreter for disciplinary process was denied. FOUR *CONTINUANCES* were requested by SCF hearing board in order to try to accommodate plaintiff was denied by the department of corrections headquarters **due to cost.**

## D.   STATEMENT OF CLAIM(S)

The defendants did deprived the plaintiff of his constitutional right to a fair hearing and due-process, On or about the 28th of September 2018 the Attorney General filed a motion for extension of time in which to answer or response to complaint which Plaintiff received on October 3rd 2018. On October 4th 2018 David Scherbarth Associate Warden of Sterling Correctional Facility ordered an expungement order on Plaintiff's Case 18-1908 one hundred an three (103) days after his final decision was made on June, 21st.

Individuals incarcerated by CDOC currently and in the future; who CDOC classified as deaf or hard of hearing inmates who are permanently deaf or who have a permanent hearing impairment so severe that they must rely on written communication, lip reading signing because their residual hearing , with aids does not enable them either to communicate effectively or hear an emergency warning who require accommodations, including interpreters or other auxiliary aids or services, to communicate effectively and/or to access programs or services available to individuals incarcerated by CDOC. Plaintiff informed the board his hearing aids were broken and he was waiting on replacements, even with hearing aids he still have difficulty communicating with prison officials. Plaintiffs only source of commutation is through lip-reading, gesturing, and written notes, American Sign Language. Plaintiff stated that he can understand prison officials' speech so long as he or she did not get upset or excited and if he spoke slowly *FACE TO FACE* Understanding prison officials takes a great deal of patience, experience, and familiarity and that even with patience and extreme efforts on plaintiff's part it was still difficult to understand defendant's speech. Plaintiff can read and write Standard English, although he argues that neither his skills in writing nor reading are fluent. Plaintiff has been trained in understanding *American Sign Language  Which* (states) although in some circumstances a notepad and written materials may be sufficient to permit effective communication, in other circumstances they may not be sufficient for example a qualified interpreter may be necessary when the information being communicated is complex or is exchange for a lengthy period of time.

Factors to be considered in determining whether an interpreter is required include the context in which the communication is taking place the number of people involved which requires, FACE TO FACE COMMUNCATION, and the importance of the communication.

## D.     STATEMENT OF CLAIM(S)

The plaintiff lip-reading skills are extremely limited and he misinterprets unexpected utterances as expected ones, the report also notes that his written English, exhibits characteristics of a partially learned second language, similarly his ability to read English is limited by his poor mastery of grammar and vocabulary.

A hearing-impaired defendant's right to due process may be implicated in the same way that the absence of an interpreter for a speaking defendant's right may be implicated: A defendant who cannot hear is analogous to a defendant who cannot understand english, and a severely hearing-impaired defendant cannot be tried without adopting reasonable measures to accommodate his or her disability. The defendants deprived him of his right to due process under the Fourteenth Amendment by not providing ASL interpreters during disciplinary investigations and hearings. Plaintiff alleges he was denied due process during disciplinary proceedings must establish that: "(1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient."

Defendants, deprived Plaintiffs of equal protection under the law by denying them equal access to CDOC's programs and services. Plaintiffs must show that Defendants: (1) "treated [them] differently from others who were similarly situated, (2) intentionally treated [them] differently because of [their] membership in the class to which [they] belonged (i.e. [Hearing disabled]), and (3) because [the disabled] do not enjoy any heightened protection under the Constitution . . . that the discriminatory intent.

The Plaintiff claims that Sterling Correctional Facility violated his right to due process when he failed to provide a sign language interpreter and failed to video-tape the disciplinary hearing. The failure to provide interpretive services or assistive devices during disciplinary hearings has been found to be a holding that a deaf inmate had a due process liberty interest in a qualified sign language interpreter during disciplinary hearing proceedings).In this case however, plaintiff does assert that he was denied interpretive services; a just claim that his *constitutionally protected rights were violated because sign language interpreter was not provided for the hearing, even though the defendant's requested four (4) continence to accommodate his disability.*

*THE DEFENDANTS)* shall furnish qualified sign language interpreters to any deaf or hard of hearing offenders in all circumstances where a qualified sign language interpreter is necessary to

### D.     STATEMENT OF CLAIM(S)

ensure an inmate has an equal opportunity to participate in, and enjoy the benefits of, programs, services and activities offered by Defendants. The interactions for which Defendants must furnish qualified sign language interpreters include but are not limited to the intake process, classification hearings, disciplinary hearings, all medical, mental health and dental treatment, religious services, educational classes, narcotics and alcoholics anonymous meetings and any other interactions with staff that implicate an inmates' due process rights and defendants shall implement a system to document that defendants have provided qualified sign language interpreters to inmates who need them and that the inmates have understood the information conveyed by the qualified sign language interpreters.

*A complaint was filed with the U.S. Department of Justice to investigate acts committed by the named defendants. Plaintiff sent copies of the complaint on March 14th of, 2018 to attorney general office, as notice of intent and to the department of corrections for failure to comply with the title II of the Americans with Disabilities Act. U.S. Department of justice accepted plaintiff's complaint and assigned to the office of Civil Rights Attorney Robin Matthew to investigate the claims.* The information provided shows SCF is not capable of housing deaf or hard of hearing impaired offenders. Judgment is appropriate under these standards as to the plaintiff claims that (i) defendants violated the notice, consultation, self-evaluation and grievance procedure requirements of the ADA; defendants have violated both the Rehabilitation Act and the ADA by their failure to provide interpretive services for various aspects of reception and classification; the absence of inadequacy of assistive communications devices for telephone and television and the absence of visual safety alarms strobe cell accommodations violates both the ADA and the Rehabilitation Act; (ii) Janet Smith failure to make reasonable accommodations to facilitate full participation by class members in educational, vocational and rehabilitative contexts such as classes and counselling sessions violates the ADA and Mr. Hunter's due process rights; (iii) defendants failure to provide qualified interpreters and/or other assistive devices during medical and mental health treatment violates plaintiff's constitutional due process and privacy rights, and in those cases in which communication between patient and medical personnel is essential to the efficacy of treatment, the Eight Amendment Rights proscription against cruel and unusual punishment.

## D.    STATEMENT OF CLAIM(S)

Defendants' failure to provide qualified interpreters and/or other assistive devices in disciplinary, grievance proceedings violates due process rights; for disciplinary, safety, medical or mental health reasons violate the ADA and the Rehabilitation Act; CTCF is special prison which all of the needs for deaf and hearing-impaired inmates are accommodated.

1. Defendants have violated both the rehabilitation act and the ADA by their failure to provide interpretive services for various aspects of reception and classification the absence of inadequacy of assistance communication devices for telephone and televisions and the absence of visual and safety alarms violates both the ADA and the rehabilitation act. 2. Defendant's failure to make reasonable accommodations to facilitate full participation by class members in educational, vocational and rehabilitative contexts such as class and counseling.

3. Defendant's failure to provide qualified interpreters and or other assistive devices during medical and mental health treatment violates Mr. Hunter's constitutional due-process and privacy rights and in those cases in which communication between patient and medical personnel is essential to the efficacy of treatment. Department of Corrections creation of a *special prison* Territorial Correctional Facility to which all of the hearing impaired hard of hearing and deaf inmates are solely housed to accommodate their special needs.

Department of Corrections identifies two (2) primary types of hearing disabilities deaf and hard of hearing. According to many experts deaf individuals include those who cannot hear at all and those that can hear loud noises but cannot understand speech. Heard of hearing individuals can hear and understand speech but they have reduced hearing ability, for this purposes of this opinion we will sometimes refer to both deaf and hard of hearing individuals together as hearing impaired or hearing disabled. The way and extent that hearing disabled individuals communicate vary widely based on the type and degree of their disability and other factors such as life experiences and age at which their disability manifested, for example some who have suffered deafness since childhood rely primary on ASL to communicate and thus their ability to read and write English and read lips is limited. Conversely late deafened individuals even those who have taught themselves ASL may need to rely heavily on lip reading and written communication, visual alarms the department of corrections should use an audio alarm system to notify inmates of emergency situations such as

## D. STATEMENT OF CLAIM(S)

fire and tornados however many hearing impaired inmates cannot hear or understand these alerts. Non audio alarms such as flashing lights and vibration devices could be used in tandem with audio alarms to notify hearing impaired offenders when emergency situations and others scheduled activities occur.

The ADA directive states that communication plans include Accommodations for religious services policy to provide ASL interpreters with regard to hearing disabilities public entities must take appropriate steps to ensure that communications with participants with disabilities are as effective as communications with others, arguing that access to sign language and to peers with the same disability will help develop communicative skills.

The defendant's only irrelevant evidence is that plaintiff Michael William Hunter can TALK and is Hard of Hearing Not Deaf and does qualify for accommodations and therefore not entitled even though is documentation with the courts and with outside medical that plaintiff has been established already that plaintiff's hearing loss of 80% since the age of (3) years and has continued worsen throughout the years.

The defendants own CDOC _Audiologists, Zachary Moore_ not only establishes on the medical record that the plaintiff is legally deaf, and makes a clear recommendation concerning the treatment and ADA accommodations requested for the plaintiff.

Plaintiff Michael William Hunter seeks damages pursuant to 42 U.S.C. § 1983 on the basis that defendants refuse to accommodate his disability and thus violating, Americans with Disability Act, being denied the same principles he was a custom to at CTCF, where he enjoyed the same privileges other deaf and hard of hearing offenders have. At the time of these ADA violations the plaintiff is and has been in the custody of the Colorado Department of Corrections at Sterling Correctional Facility ("SCF). Evidence decimations presented will show that this SCF facility is NOT in compliance with the Americans with Disabilities Act, and the Deaf and hard of hearing impaired plaintiff is being discriminated against by the (All) the named defendants in this complaint.

## E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                      _____

Docket number and court:                   _____

Claims raised:                                       _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)  _____

Reasons for dismissal, if dismissed:     _____

Result on appeal, if appealed:              _____

## F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_X_ Yes ___ No (*check one*) Administrative remedies have been exhausted along with a complaint filed with the Americans with disabilities act. Title II in Washington DC.

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

The failure of ALL the defendants in said claim to adhere to Americans with disabilities act and act upon is deliberate indifference and violating Title II of the Americans with disabilities act. Plaintiff can satisfy the knowledge of elements by showing that he alerted the public entity to his need for accommodations or that the need for accommodations is obvious or required by statute or regulation.

1. Immediately request this court to ORDER CDOC to stop the harassment threatening verbal abuse and retaliating against plaintiff for using sign language as his means of communicating and for exercising his constitutional right to file complaint, and that ANY further dealings with plaintiff which include punishment, decisions concerning life and liberty housing/placement must be authorized by the Executive Director, Dean Williams then shall notify the plaintiff personally.

2. Immediately request this court to ORDER CDOC to stop sending Deaf and Hard of Hearing and Hearing impaired offenders at Sterling Correctional Facility, and the Court ORDER CDOC to transfer ALL deaf and hard of hearing and hearing impaired offenders back to Colorado Territorial Facility the **ONLY DESIGNATED FACILITY** capable of accommodating deaf and hard of hearing and hearing impaired offenders which include the following TTY, Cell strobe, ASL classes, interpreters or religious services, visual alarms for emergency evacuation procedures, medical and mental health interpreters, education classes and most of all deaf and hard of hearing support groups. SCF does not possess any of these accommodations accept TTY which has not work since November 2nd 2017. SCF is a level five (5) housing 90% percent of the population is gang related, to where more verbal and physical attacks, causing serious injuries to staff and offenders alike on a weekly bases this is one of the most violent prisons in Colorado history no other facility in CDOC has experienced this level of homicides, assaults in this period of time. Plaintiff is responsible for his own actions but prison officials cannot be ignorant of the characteristics of the inmate over whom they are responsible, particularly disabled offenders are more subject to physical assaults will inevitable occur but to deliberately indifferent to plaintiff a substantial risk they themselves. CDOC staff at SCF is short more than 60 correctional employees, staff is working double shifts day after day poses a significant risk to deaf and hard of hearing and hearing impaired. Placing certain deaf and hard of hearing prisoners at facilities not designated for accommodations even for disciplinary, safety and or medical reasons renders the prison system's accommodations conditional and is therefore violative of the ADA Sterling Correctional Facility lacks the varying degrees necessary to accommodate plaintiff such as (No) interpreter services, (No) visual safety alarms (No) strobe lights either in living quarters or day halls, (No) working TTY, plaintiff asserting that his transfer violated the ADA and the rehabilitation act.

3. Immediately request this court to ORDER Rick Reamisch and clinical services, employees contract worker or volunteers under their authority to preserve any and all CDOC communications (i.e. electronic paper) E-Mails Incident reports, chrons, notes, memos, videos, offender grievances.

## G. REQUEST FOR RELIEF CONTINUE

4. Immediately request this court to ORDER MEDICAL PERSONAL to stop discussing any and all medical issues of plaintiff with non-medical staff without first written consent of the individual that's involved pursuant to HIPAA.

5. Immediately request this court to ORDER CDOC to curry out without delay the treatment and recommendations directed by Audiologists, Zachary Moore.
(a) Ongoing American sign language (b) deaf offender support (c) American sign language interpreter (e) Patient is indeed DEAF and shall be treated as deaf (f) Offender primary means of communications is American sign language (g) Additional sensory options such as strobe alarm in cell and fire alarms in all living units.

6. Immediately request this court to ORDER correctional health partners and CDOC clinical services employee's contract workers or volunteers under authority to completely upload into CDOC clinical services electronic computer system plaintiff's entire ADA Medical record (paper) in its entirety.

7. The actions of all defendants with a culpable state of mine did knowingly willfully and intentionally acted with conspiracy to deprive plaintiff of his federally protected rights in violation of the United States Constitution and Americans with Disability Act.
When defendants intentionally placed plaintiff in dangerous surroundings they intentionally ignore plaintiff serious medical needs or when they deliberately indifferent the plaintiffs health and safety they violated the constitution.

8. Request pre and post judgment interest.

9. Request all cost/fees associated with the filing of this case lie to include but not limited to filing cost/fees, service cost/fees, photo copy /fees postage cost/fees, jury cost/fees etc.) without delay be immediately, credited back into plaintiffs CDOC inmate trust fund account without deductions along with applicable interest.

10. Plaintiffs request that CDOC be restrained from taking percentages of awarded claims from plaintiffs inmate trust fund account to show punishment of such awards.

## AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

11. The plaintiff is seeking Punitive Damages in the amount of 250.000 U.S dollars jointly and severally against defendant Jared Polis, Governor of the State of Colorado, for the illegal treatment caused by the defendants under his authority for deprivation of liberty

and amenity and emotional injury resulting from their denial of due-process 8th and 14th amendment violation and failure to intervene and to curb the known harassment and retaliation in connection allowing plaintiff to be placed in harm's way for violating title II of the Americans with Disabilities Act.

## G. REQUEST FOR RELIEF CONTINUE

12. The plaintiff is seeking Punitive Damages in the amount of 250.000 U.S dollars jointly and severally against defendant Executive Director Rick Reamisch for the punishment including deprivation of liberty and amenity and emotional injury resulting from their denial of due-process 8th and 14th amendment violation and failure to intervene and to curb the known harassment and retaliation in connection allowing plaintiff to be placed in harm's way. Plaintiff provided both defendant with a copy of a complaint he filed with the U.S. Department of Justice for violating title II of the Americans with Disabilities Act on March 14th 2018.

13. The plaintiff is seeking Punitive Damages in the amount of 350.000 U.S dollars jointly and severally against defendant Warden Matthew Hanson, Acting Warden Jeff Long Sterling Correctional Facility for the punishment including deprivation of liberty and amenity and emotional injury resulting from their denial of due-process 8th and 14th amendment violation and failure to intervene and to curb the known harassment and retaliation in connection allowing plaintiff to be placed in harm's way.
Plaintiff provided both defendant with a copy of a complaint he filed with the U.S. Department of Justice for violating title II of the Americans with Disabilities Act on March 14th 2018.

14. 350.000 (U.S. Dollars) jointly and severally against defendant Janet Smith for malicious abuse of power, the physical and emotional injuries sustained as a result of the plaintiffs fall due to the retaliatory actions of said defendant. The actions of defendant with a culpable state of mine did knowingly willfully and intentionally acted with conspiracy to deprive plaintiff of his federally protected rights in violation of the United States Constitution and Americans with Disability Act.
(a) (i) Defendant Janet Smith ADA inmate coordinator stated that (SCF) is designated facility capable of housing deaf/hard of hearing offenders.
Judgment is appropriate under these standards as to plaintiff claims that defendant Janet Smith violated the notice, consultation, self-evaluation and grievance procedure requirements of the ADA failure to provide interpretive services for various aspects of reception and classification, the absence of inadequacy of assistive communications devices telephone and television and absence of visual safety alarms strobe alarms violates both the Americans with disabilities act and the equal protection rehabilitation act, TTY phone system has never worked since November 2nd 2017

(a)(ii) Defendant Janet Smith failure to make reasonable accommodations to facilitate full participation in educational, vocational and rehabilitative contexts such as classes and counselling session's religious services, violates the Americans with disabilities act and plaintiff's due-process and equal protection rights under the law.

## G. REQUEST FOR RELIEF CONTINUE

(iii) Defendant Janet Smith failure to provide qualified interpreters and or other assistive devices during disciplinary proceedings and medical and mental health treatment violates constitutional due-process and privacy rights and in those cases in which communication between patient and medical personal is essential to the efficacy of treatment, the eight amendment right against cruel and unusual punishment stating plaintiff is hard of hard hearing not deaf and that plaintiff can talk therefore accommodations are unreasonable violates the Americans with disabilities act and plaintiff's due-process and equal protection rights under the law.

15. 350.000 (U.S. Dollars) jointly and severally against Defendant Adrienne Jacobson for malicious abuse of power, the physical and emotional injuries sustained as a result of the plaintiffs fall due to the retaliatory actions of said defendant. The actions of defendant with a culpable state of mine did knowingly willfully and intentionally acted with conspiracy to deprive plaintiff of his federally protected rights in violation of the United States Constitution and Americans with Disability Act.
Defendant Adrienne Jacobson manager of legal services stated that (SCF) is designated facility capable of housing deaf/hard of hearing offenders.
Plaintiff can satisfy the knowledge elements by showing that he alerted the public entity to his need for accommodation or that the need for accommodation is obvious or required by statute or regulation under these standards as to plaintiff claims that defendant Adrienne Jacobson violated the legal requirements of the Americans with disabilities act by failing to provide interpretive services for various aspects of reception and classification, the absence of inadequacy of assistive communications devices telephone and television and absence of visual safety alarms strobe alarms violates both the Americans with disabilities act and the equal protection rehabilitation act, TTY phone system has never worked since November 2nd 2017 Defendant Adrienne Jacobson Legal Services failure to provide qualified interpreters and or other assistive devices during disciplinary proceedings and medical and mental health treatment violates constitutional due-process and privacy rights and in those cases in which communication between patient and medical personal is essential to the efficacy of treatment, the eight amendment right against cruel and unusual punishment her statement that plaintiff is in a facility capable of housing deaf and hard of hearing offenders is a lie and therefore violation of the Americans with disabilities act and plaintiff's due-process and equal protection rights under the law.
Defendant directly implicitly authorized, and approved knowingly violated with deliberate indifference based on her actual knowledge and failure to investigate or correct constitutional violations which led to knowledge of wrongdoing and liable for intentional discrimination where policies in place intended to prevent a constitutional deprivation. Failure to perform a duty imposed by statute or regulation holds the defendants liable because of their knowledge of the Montez case. Plaintiff can satisfy the knowledge elements by showing that plaintiff alerted the public entity to his needs for accommodations or that the need for accommodations is obvious or required by statute or regulation.

**G.     REQUEST FOR RELIEF CONTINUE**

**PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:**

1.  250.000 U.S. Dollars against each defendant named in the complaint for callous and reckless indifference to plaintiff's constitutional rights.
    Defendants them ALL failed to correct unconstitutional conditions or practices within their authority the defendants knew about the condition but failure to act itself violated the constitution. The department of justice has issued revised Americans with disabilities act title II regulations which took effect March 15th 2011 these regulations effect the obligations of the title II public entities (state and local governments) entities that are responsible for the operation of correctional facilities and community corrections, including private correctional facilities. Defendants have a history of widespread abuse and indifference to plaintiff's constitutional rights and equal protection. Your honor must look to statutes or their knowledge of a previous case, <u>Montez</u> against the defendants. Plaintiff alerted the public entity to his needs for accommodations or that the need for accommodations is obvious or required by statute or regulation.

2.  Grant such other relief as it may appear the plaintiff is entitled to.

3.  Award Nominal damages in the amount of 1.00 U.S. Dollar

**H.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)


October 15th 2019
(Date)

(Form Revised December 2017)

## CERTIFICATE OF MAILING

I Michael William Hunter certify that a true and correct copy of the 1983 complaint was placed in the United States mail prepaid to the following parties on October 15th 2019

*Michael Hunter*

Michael William Hunter
Reg # 103582
P.O. Box 6000
Sterling Colorado 80751

Clerk of the Court

Alfred A. Arraj United States Courthouse

901 19th Street, Room A105

Denver, Colorado 80294-3589

Colorado Attorney General's Office

1300 Broadway 9th Floor

Denver, Colorado 80203

U.S. Department of Justice

Civil Rights Division

950 Pennsylvania Avenue, N.W.

Disability Rights Section NYAV

Washington, D.C. 20530