# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Regina M. Rodriguez

Civil Action No. 1:19-cv-02969-RMR-NYW

MICHAEL WILLIAM HUNTER,

    Plaintiff,

v.

MIKE ROMERO, Warden, et al.

    Defendants.

## ORDER

This matter is before the Court on the July 2, 2021 Order and Recommendation of United States Magistrate Judge Nina Y. Wang, ECF No. 116, addressing Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6), ECF No. 84, and Plaintiff's Motion Supplemental Complaint Added [sic] ("Motion to Amend"), ECF No. 95.[1]  This matter was reassigned to me on July 6, 2021.  ECF No. 119.  I affirm

---

[1] In the Recommendation, Magistrate Judge Wang also considered Plaintiff's notice of change of address, in which he states that he would "like to file [a] supp[le]mental complaint to include the other Defendants that [were] part of the initial complaint" and requests a 90-day extension to file such complaint.  *See* ECF No. 108 at 1.  Magistrate Judge Wang construed this filing as a Motion for Extension of Time to seek further amendment.  ECF No. 116 at 48.

Noting that "because there is no current deadline for Plaintiff to file a motion to supplement or amend the complaint" and that, therefore, "no extension of time is required," *id.*, Magistrate Judge Wang denied the Motion for Extension of Time, pursuant to her jurisdiction over non-dispositive motions under 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a); D.C.COLO.LCivR 72.1(c)(1); the Court's Order Referring Case, ECF No. 20; and the Memorandum, ECF No. 110, referring the Motion for Extension of Time, ECF No. 108.  ECF No. 116 at 1, 48–50; *see also* ECF No. 117.  Magistrate Judge Wang also set the deadline for amendment of pleadings and joinder of parties as July 2, 2021.  ECF No. 116 at 48–50.  No party has objected to that order, and it is not at issue.

and incorporate the Recommendation by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation clearly notifies the parties that any objection to the Recommendation must be filed within 14 days after its service. ECF No. 116 at 50 n.26 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)). The Recommendation was served on the parties on July 2, 2021. *See id.* Defendant Mike Romero is represented by counsel, who is a registered user of the court's electronic filing system and therefore received electronic notice of the Recommendation on July 2, 2021. *See id.*; Fed. R. Civ. P. 5(b)(2)(E). On July 19, 2021, 17 days after service and three days late, Defendant Mike Romero filed an Objection to the Magistrate Judge's Recommendation to Deny in Part Defendants' Motion to Dismiss ("Objection"). ECF No. 120; *see* Fed. R. Civ. P. 6(a)(1).[2] No other objections to the Recommendation were made.

Because Mr. Romero's Objection was untimely, it is deemed waived, and the parties are not automatically entitled to de novo review of the Recommendation. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059–60 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)) ("[The Tenth Circuit]

---

[2] Although Independence Day fell within the 14-day period within which the parties were required to file objections to the Recommendation, the Federal Rules of Civil Procedure provide that, when computing time, parties must "count every day, *including* intermediate Saturdays, Sundays, *and legal holidays*." Fed. R. Civ. P. 6(a)(1)(B) (emphasis added); *see also id.* 6(a)(6). A legal holiday affects the computation of time under Rule 6 where "*the last day of the period* . . . is a . . . legal holiday," in which case "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C) (emphasis added). Defendant's deadline for objections, Friday, July 16, 2021, was not a legal holiday.

Further, Rule 6(d), which provides that "3 days are added after a period that would otherwise expire under Rule 6(a)" when "service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to)," does not apply to Defendant Romero's counsel, who receives electronic service in this case pursuant to Rule 5(b)(2)(E).

ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.' . . .   [A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000) (concluding that the party "waived appellate review by its failure to object to the magistrate judge's report and recommendation within the required time period" where the recommendation was filed on December 14, 1998 and the party filed its objections on January 21, 1999); *Lehman v. McKinnon*, No. 18-cv-00952-PAB-NRN, 2020 WL 4873643, at *1 (D. Colo. Aug. 19, 2020) (Brimmer, C.J.) (finding that objections that were due on July 21, 2020 but were dated July 27, 2020 and were not filed until July 31, 2020 were untimely).

There are three exceptions to the firm waiver rule, but none of them apply here. The firm waiver rule does not apply (1) when a *pro se* party was not "informed of the time period for objecting and the consequences of failing to object"; (2) "when the 'interests of justice' warrant"; and (3) "when the aggrieved party makes the onerous showing required to demonstrate plain error."  *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006).  First, while Plaintiff in this case is proceeding *pro se*, Defendant Romero, whose Objection is at issue, is represented by counsel.  Moreover, as stated above, the Recommendation clearly notifies the parties that any objection must be filed within 14 days after its service and of the consequences of a party's failure to comply with this requirement.  ECF No. 116 at 50 n.26 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)).

Second, Defendant Romero has not argued that the "interests of justice" warrant de novo review of his Objection, and even if he had, the Court would not find that the interests of justice so warrant. In *In re Key Energy Resources*, the Tenth Circuit declined to apply the interests of justice exception to the firm waiver rule "to excuse late filings of objections to a magistrate judge's report and recommendation based on reasons such as medical problems or inability to prepare objections so long as counsel was able to file or have filed a timely motion for extension of time." 230 F.3d at 1201. Here, there is even less reason to excuse the late filing of Defendant Romero's Objection because Defendant Romero has not alleged that he has had "medical problems or inability to prepare objections."[3]  *See id.*

Third, Defendant Romero does not argue, and the Court does not find, that the Recommendation contains "plain error." *See, e.g.*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122–23 (10th Cir. 2005) ("Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."); *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1171 (10th Cir. 2016) (quoting *Somerlett v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1151 (10th Cir. 2012)) ("[T]he burden of establishing plain error . . . is 'nearly insurmountable.' . . . To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or this court.").

---

[3] Defendant Romero also has not filed a motion for extension of time nor alleged that he was unable to file such a motion.  *See* ECF Nos. 116–120; *In re Key Energy Res.*, 230 F.3d at 1201.

4

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to "satisfy itself that there is no clear error on the face of the record."[4] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

Even if the Court were to consider the issues raised in the Objection de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standards. Defendant Romero's Objection only "objects on the grounds that the Recommendation incorrectly concluded that the relation back doctrine applied and that Plaintiff's retaliation claim against Warden Mike Romero was not, therefore, barred by the applicable statute of limitations." ECF No. 120 at 1; *see also id.* at 2. For the reasons stated in the Recommendation, first, Plaintiff's Second Amended Complaint, ECF No. 80, filed January 19, 2021, "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," ECF No. 1, filed October 17, 2019; second, Defendant Romero

---

[4] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g., Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

"received such notice of the action that [he] will not be prejudiced in defending on the merits," within the service period provided by Rule 4(m) of the Federal Rules of Civil Procedure; and, third, Defendant Romero "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(B)–(C); *see also* ECF No. 116 at 13–21. Therefore, Plaintiff's First Amendment retaliation claim, which accrued on October 24, 2017, *see* ECF No. 116 at 14, 14 n.10, and which is set forth in his Second Amended Complaint, relates back to his original complaint, and the retaliation claim is not barred by the two-year statute of limitations.[5] Therefore, for the reasons stated in the Recommendation and incorporated herein by reference, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss, ECF No. 84, and DENIES Plaintiff's Motion to Amend, ECF No. 95.

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 116, is ACCEPTED and ADOPTED; it is

FURTHER ORDERED that Defendants' Motion To Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6), ECF No. 84, is GRANTED IN PART and DENIED IN PART; it is

---

[5] As stated in the Recommendation, ECF No. 116 at 13, 13 n.9, the applicable statute of limitations is two years because "[l]imitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations," and under Colorado law, the statute of limitations for § 1983 claims is "two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations and citations omitted); *see also* Colo. Rev. Stat. § 13-80-102.

FURTHER ORDERED that Plaintiff's claims against Defendants in their official capacities based on alleged constitutional violations are DISMISSED WITHOUT PREJUDICE; it is

FURTHER ORDERED that Plaintiff's claims against Defendants in their individual capacities arising under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") are DISMISSED WITH PREJUDICE, and Plaintiff's claims against Defendants in their official capacities arising under the ADA and the RA are DISMISSED WITHOUT PREJUDICE; it is

FURTHER ORDERED that insofar as Plaintiff's Second Amended Complaint, ECF No. 80, can be construed as raising a conditions-of-confinement claim, an equal protection claim, an access-to-courts claim, or a due process claim, those claims are DISMISSED WITHOUT PREJUDICE;[6] it is

FURTHER ORDERED that Plaintiff's Motion Supplemental Complaint Added [sic], ECF No. 95, is DENIED; and it is

---

[6] Magistrate Judge Wang "reserv[ed] the issue of whether the dismissal" of these claims "is with or without prejudice" to the presiding District Court Judge. ECF No. 116 at 40, 40 n.22. The Tenth Circuit has explained that "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Here, there has not been substantive briefing on the issue of futility as to these claims, so the Court dismisses them without prejudice.

However, the Court notes that the July 2, 2021 deadline for amending the pleadings set by Magistrate Judge Wang has passed, and pursuant to her Order, "any further requests to amend . . . after [that day] will necessarily require a party to satisfy the two-prong test set forth by the Tenth Circuit in *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)." ECF No. 116 at 48–49; ECF No. 117; *see also Gorsuch, Ltd.*, 771 F.3d at 1240 ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.").

FURTHER ORDERED that a copy of this Order, marked as legal mail, shall be sent to the following:

Michael William Hunter, #103582
Sterling Correctional Facility (SCF)
P.O. Box 6000
Sterling, CO 80751

and

Case Manager for Michael William Hunter, #103582
Sterling Correctional Facility (SCF)
P.O. Box 6000
Sterling, CO 80751

DATED: December 10, 2021

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge