## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02969-RMR-NYW

MICHAEL WILLIAM HUNTER,

     Plaintiff,

v.

MIKE ROMERO,

     Defendant.

## ORDER ON MOTION TO APPOINT COUNSEL

Magistrate Judge Nina Y. Wang

     This matter comes before the court on the Prisoner Motion for Appointment of Counsel (the "Motion" or "Motion to Appoint Counsel") filed on May 27, 2022 by Plaintiff Michael William Hunter ("Plaintiff" or "Mr. Hunter"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated May 5, 2020, [Doc. 20], and the Memorandum dated May 31, 2022. [Doc. 148]. For the following reasons, I **DENY** the Motion to Appoint Counsel **without prejudice**.

## BACKGROUND

     Plaintiff initiated this action by filing his pro se prisoner Complaint on October 17, 2019, alleging violations of constitutional rights pursuant to 42 U.S.C. § 1983 as well as his federal rights under Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA"). *See* [Doc. 1]. With Defendants' consent, Plaintiff filed a Second Amended Complaint on January 19, 2021, naming three Defendants in their individual and official capacities—Mike Romero, the Warden of the Colorado Territorial Correctional Facility, Janet Smith, an ADA coordinator for the Colorado Department of Corrections ("CDOC"), and Adrienne Jacobson

Sanchez, an associate director of legal services for the CDOC.  *See* [Doc. 80].  On February 24, 2021, Defendants moved to dismiss Plaintiff's claims in their entirety.  [Doc. 84].  This court recommended that Defendants' Motion to Dismiss be granted in part and denied in part, such that only Plaintiff's First Amendment retaliation claim against Defendant Romero remain.  *See* [Doc. 116].  The presiding judge, the Honorable Regina M. Rodriguez, accepted and adopted the undersigned's Recommendation on December 10, 2021.  [Doc. 112].  Thus, Plaintiff's sole claim is a First Amendment retaliation claim against Defendant Romero.

This court convened for a Status Conference on January 26, 2022, at which time the court set discovery deadlines in this case.  *See* [Doc. 133].  Plaintiff, who is Deaf, was accompanied by an American Sign Language ("ASL") interpreter at the Status Conference.  On March 10, 2022, Mr. Hunter filed a document titled "Telephone Status Conference of the Parties, [Planning] for Discovery."  [Doc. 135].  In that document, Plaintiff "instruct[ed] defendant's counsel to coordinate with plaintiff's facility . . . for an appropriate time and date in which any and all conversations take place [with] at least 24 hour notice."  [*Id.* at 1].  Defendant Romero filed a response in opposition to this document, asserting that the "Federal Rules of Civil Procedure do not allow any mechanism for the Court to order a party to have a telephone conference to discuss discovery," [Doc. 136 at ¶ 2], and arguing that the court "should deny Plaintiff's motion to compel a discovery conference."  [*Id.* at 1].  Because the exact nature of Plaintiff's requested relief was unclear, the court construed the document as a Motion for a Status Conference and set a Status Conference for May 25, 2022.  [Doc. 138].  Then, due to an unavoidable conflict in the court's calendar, the court reset the Status Conference for June 1, 2022.  [Doc. 140].

At no fault of Plaintiff's own, Plaintiff failed to appear for the June 1, 2022 Status Conference due to apparent difficulties at his facility.  *See* [Doc. 149].  This court reset the Status

Conference to June 29, 2022, reminded Plaintiff's facility and its officials of their duty to ensure Plaintiff's attendance at all court hearings, and instructed Plaintiff's facility that the appropriate course of action should technical difficulties arise is to <u>immediately</u> contact the court, rather than wait for the court to contact the facility. *See* [*id.*].

Plaintiff now moves for appointment of counsel in this action, *see* [Doc. 147], which is his third request that he be appointed counsel in this matter. *See also* [Doc. 24; Doc. 90].[1] The court addresses Plaintiff's arguments below.

## ANALYSIS

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But the court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (*citing Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (providing factors that the court should consider in determining whether to appoint pro bono counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

---

[1] This court denied Plaintiff's first two requests as premature. With respect to the first request, Defendants had not yet responded to the then-operative pleading. *See* [Doc. 26 at 5]. And as to the second request, the court concluded that appointment of counsel was not appropriate given the then-pending Motion to Dismiss. *See* [Doc. 92 at 1].

In the Motion, Mr. Hunter seeks appointment of counsel for general representation in this matter. [Doc. 147 at 3]. Mr. Hunter requests that counsel he appointed because he is "a prisoner who is Deaf" and because due to his educational background and understanding of the legal system, it "is very difficult for [him] to understand" the rules and procedures governing this matter. [*Id.* at 2]. He asserts that his case is "very strong" and if he is appointed counsel, he will be able to "send a message to CDOC that prisoners have constitutional rights and cannot be threaten[ed] for intimidated for [exercising] those rights." [*Id.* at 3].

Upon review of Plaintiff's Motion and the docket in this case, the court cannot conclude that appointment of counsel is warranted at this time. Although the court acknowledges that Mr. Hunter is incarcerated, he does not have a formal legal education, he has a disability, and that assistance of counsel may help him in litigating his claims, such circumstances are unfortunately not unique. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness."). Plaintiff's claims have not changed—but have in fact been narrowed—since he first moved for appointment of counsel; indeed, only one claim remains in this case: Mr. Hunter has one remaining claim for First Amendment retaliation against Warden Romero in his individual capacity. [Doc. 115; Doc. 122]. Based on the current record before it, the court does not find that the legal issues presented in Plaintiff's case are so uniquely complex so as to warrant appointment of counsel at this juncture. *See Lanier v. Bryant*, 332 F.3d 999, 1002, 1005-06 (6th Cir. 2003) (noting that "appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances").

Moreover, while the court understands the inherent difficulties in litigating a case as a Deaf inmate, the court cannot conclude that Plaintiff's hearing impairment is alone sufficient to warrant appointment of counsel. *See id.* To be sure, there have been difficulties ensuring that Plaintiff's facility is appropriately permitting Plaintiff to meaningfully participate in court hearings. The court does not take these difficulties lightly and expects that Plaintiff's facility will take this court's directives seriously and will do all within its power to ensure that Plaintiff is present, on time, at the June 29, 2022 Status Conference. *See* [Doc. 149]. But Plaintiff has identified no specific difficulties in participating in discovery or preparing his case that are attributable to his hearing impairment and does not explain why this is a sufficient basis to warrant appointment of counsel at this time. *See generally* [Doc. 147]. And through its independent research, the court could locate no legal authority demonstrating that a hearing impairment alone is sufficient to warrant appointment of counsel.

For these reasons, the Motion to Appoint Counsel is **DENIED without prejudice**. Should the circumstances change, Mr. Hunter may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to <u>trial</u>.") (emphasis added).

### CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)    The Prisoner Motion for Appointment of Counsel [Doc. 147] is **DENIED without prejudice**;[2] and

---

[2] **Error! Main Document Only.**Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written

(2)     A copy of this Order shall be sent to:

Michael William Hunter, #103582
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO 80751

and

Case Manager for Michael William Hunter, #103582
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO 80751

DATED:  June 6, 2022                                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C.
§ 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of
the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*
989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see
Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not
apply when the interests of justice require review, such as when a "*pro se* litigant has not been
informed of the time period for objecting and the consequences of failing to object").